# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| XAVIER JETT, AIS #215862, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIV. ACT. NO. 1:25-cv-542-TFM-B |
| | ) |
| JOHNNY MCNEAL, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

On January 5, 2026, the Magistrate Judge entered a report and recommendation which recommends Petitioner's Motion Under 28 U.S.C. § 2254 be denied and the petition dismissed without prejudice for lack of jurisdiction.  *See* Doc. 4. Petitioner timely submitted multiple objections along with a motion to expedite his case for conditional release.  *See* Docs. 5, 6, 7, 9, 10.

In reviewing Petitioner's objections, he argues the Court does have jurisdiction as he asserts actual innocence.  But he fails to address how this case is different than his prior habeas petition – where he also asserted actual innocence.  The successive petition bar does not allow him to relitigate an identical issue without showing how his claim of actual innocence is different than his prior time making that same argument.  He argues that a sworn affidavit dated 2/13/24 is the newly discovered evidence and attaches the motion to amend the Rule 32 petition his attorney filed in state court.  However, his objections miss the mark.  Whether or not this constitutes new evidence of actual innocence, he still did not seek authorization from the Eleventh Circuit to file a second or successive petition.  Regardless of the claims asserted, before a second or successive petition can be filed in district court, the petitioner must first move in the appropriate court of appeals for an order

authorizing the district court to consider the second petition. *See* 28 U.S.C. § 2244(b)(3)(A). Otherwise, the petition must be dismissed. *Id*. at § 2244(b)(1). It's not a question of discretion. Put simply, because Jett did not first seek permission from the Eleventh Circuit, the Court must dismiss the petition as successive. Therefore, Petitioner's objections are overruled.

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Report and Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of this Court. Accordingly, it is **ORDERED** that the Petition for Habeas Corpus brought pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED with prejudice**. Further, Petitioner's "Motion to Expedite and for Immediate Consideration and for Conditional Release Pending Disposition (With Alternative Request for Bond)" (Doc. 6, filed 1/13/26) is **DENIED**.

The Court further finds that Petitioner is not entitled to a Certificate of Appealability. Additionally, 28 U.S.C. § 1915(a) provides that, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." In making this determination as to good faith, a court must use an objective standard, such as whether the appeal is "frivolous," *Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962), or "has no substantive merit." *United States v. Bottoson*, 644 F.2d 1174, 1176 (5th Cir. Unit B May 15, 1981) (per curiam);[1] *see also Rudolph v. Allen*, 666 F.2d 519, 520 (11th Cir. 1982) (per curiam); *Morris v. Ross*, 663 F.2d 1032 (11th Cir. 1981). Stated differently:

> This circuit has defined a frivolous appeal under section 1915(d) as being one "without arguable merit." *Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir.1987) (quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir.1976)). "Arguable means capable of being convincingly argued." *Moreland v. Wharton*, 899 F.2d 1168, 1170

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit that were handed down prior to the close of business on September 30, 1981.

(11th Cir.1990) (per curiam) (quoting *Menendez*, 817 F.2d at 740 n.5); *see Clark*, 915 F.2d at 639 ("A lawsuit [under section 1915(d)] is frivolous if the 'plaintiff's realistic chances of ultimate success are slight.'" (quoting *Moreland*, 899 F.2d at 1170)).

*Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991); *see also Weeks v. Jones*, 100 F.3d 124, 127 (11th Cir. 1996) (stating that "[f]actual allegations are frivolous for purpose of [28 U.S.C.] § 1915(d) when they are 'clearly baseless;' legal theories are frivolous when they are 'indisputably meritless.'") (citations omitted).

The Court further certifies that any appeal would be without merit and not taken in good faith and therefore, Petitioner is not entitled to proceed *in forma pauperis* on appeal.

Final Judgment shall issue separately in accordance with Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 4th day of March, 2026.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE